IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVE LEWIS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>PDA, LLC, a Washington Limited Liability Company<br><br>　　　　　Defendant. | NO. 2:22-cv-884<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND** |

COMES NOW, Plaintiff, Steve Lewis, by and through his attorneys at Washington Civil & Disability Advocate for his Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I.　　INTRODUCTION

1.　　The Americans with Disabilities Act (the "ADA") and the Washington Law Against Discrimination ("WLAD") require places of public accommodation to be accessible to people with disabilities.

2.　　Grocery stores and other sales establishments are places of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

Complaint for Declaratory and Injunctive Relief - 1
No.: 2:22-cv-884

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

3. ADA accessibility laws and regulations were enacted into law in 1990, over 30 years ago, to protect civil rights of persons with mobility and other disabilities.

4. Defendant discriminates against individuals with disabilities because Defendant operates a property as a place of public accommodation that does not comply with ADA laws and regulations or the WLAD, and thus Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant against persons with mobility disabilities.

## II.   PARTIES

5. Plaintiff Steve Lewis is a Washington resident and resides in this district.

6. Mr. Lewis is limited in the major life activity of walking and uses a wheelchair for mobility and drives a modified vehicle for transportation. Mr. Lewis requires ADA compliant accessible parking in order to patronize the DK Market at Defendant's property at or around 720 Lind Ave SW, Renton, WA 98057 (the "Property").

7. PDA LLC is a Washington Limited Liability company, which, on information and belief owns and operates the Property.

## III.   JURISDICTION AND VENUE

8. This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

9. This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

10. This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

Complaint for Declaratory and Injunctive Relief - 2
No.: 2:22-cv-884

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

11. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to Plaintiff's Complaint for Injunctive Relief and Damages occur in this district and Defendant's Property lies within this district.

### IV. FACTUAL ALLEGATIONS

12. The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

13. Defendant's property is one example of countless places of public accommodation that are either difficult or dangerous to access due to those property's noncompliance with the ADA, despite decades of notice to property owners.

14. The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, [and] the discriminatory effects of architectural, transportation, and communication barriers…."

15. Thus, Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

<u>Plaintiff</u>

16. Plaintiff Lewis resides in Kirkland, Washington, and travels throughout the Seattle metropolitan area multiple times a week for shopping, dining, entertainment, social

Complaint for Declaratory and Injunctive Relief - 3
No.: 2:22-cv-884

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

engagements as well as throughout the year for medical visits.

17. Mr. Lewis is limited in the major life activity of walking and requires the use of a wheelchair for mobility and is thus a person with a disability within the meaning of Title III of the ADA and the WLAD.

18. Mr. Lewis plans to visit the Property again once accessibility barriers are addressed. However Mr. Lewis may need to return sooner due to necessity.

Defendant's Property

19. Mr. Lewis does not feel safe accessing the property as-is due to the current accessibility barriers.

20. Defendant's Property does not comply with the ADA's accessibility laws and regulations under the 2010 ADA Standards for Accessible Design ("2010 Standards").

21. There are at least 135 parking spaces in Defendant's parking lot at the Property

22. The Property must have accessible parking spaces in a quantity defined by §208.2 of the 2010 Standards. Restriping, or alternations, were performed on the Property after March 14, 2012.

23. A certain number of those accessible parking spaces must be "van accessible". § 208.2 of the 2010 Standards.

24. Under the 2010 Standards a parking lot with between 100 and 150 total spaces is required to have a minimum of five accessible spaces, one of those accessible spaces being a compliant "van accessible" parking space.

25. At the location there is no sign-designated accessible parking.

26. The two spaces which may have once been designated accessible (and now have symbols so faded as to be illegible) do not meet either the 2010 Standards.

Complaint for Declaratory and Injunctive Relief - 4
No.: 2:22-cv-884

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

27. Accessible parking spaces must be identified with signage at least 60 inches above the ground. Signs identifying van parking spaces shall contain the designation "van accessible." § 502.6 of the 2010 Standards.

28. Van accessible parking spaces shall be 132 inches wide and served by an access aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the 2010 Standards and §§ 4.1.2(5)(b).

29. Regular accessible spaces shall be at least 96 inches wide and served by an access aisle at least 60 inches wide. § 502.3 of the 2010 Standards and §§ 4.1.2(5)(a).

30. Additionally, the slope of accessible parking spaces as well as the adjacent access aisle must be no greater than 1:48 (approximately 2%) in any direction and must adjoin the accessible route. §§ 502.3-502.4 of the 2010 Standards.

31. There are an insufficient number of designated accessible spaces on the property, and what spaces were once designated accessible can no longer be identified as such.

32. There are zero designated "van accessible" spots on the property.

33. Any accessible parking spots are not identified with an accessible parking sign.

34. On or about June 10, 2022, counsel for Plaintiff attempted to contact Defendant via Defendant's registered agent to request the parties come to an agreement to properly fix the ADA Violations in the parking lot. That effort was unsuccessful.

35. Mr. Lewis requires compliant accessible parking and compliant accessible routes in order to safely patronize Defendant's property using his wheelchair.

36. Defendant's property is not safe and is not welcoming for people who use wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

37. The failure of PDA, LLC to make the property comply with the ADA's

Complaint for Declaratory and Injunctive Relief - 5
No.: 2:22-cv-884

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

accessibility laws and regulations works to exclude people with disabilities from equal access to and enjoyment of the Property.

## V.   FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

38. Mr. Lewis incorporates by reference the allegations in the paragraphs above.

39. Mr. Lewis is limited in the major life activity of walking and is thus an individual with a disability within the meaning of Title III of the ADA.

40. Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

41. Defendant PD, LLC owns the property where the DK Market parking lot is located.

42. DK Market is a place of public accommodation under 42 U.S.C. § 12181(7).

43. Defendant has discriminated against Plaintiff on the basis of his disability.

44. Defendant's discriminatory conduct includes but is not limited to:

    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c. Failing to make reasonable modifications in policies, practices, and/or

Complaint for Declaratory and Injunctive Relief - 6
No.: 2:22-cv-884

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

          procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

    d.    Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

    e.    Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

45. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities at Defendant's property in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

46. Defendant's discriminatory conduct as has harmed Mr. Lewis, and the harm continues.

47. Defendant's discriminatory conduct entitles Mr. Lewis to declaratory and injunctive relief. 42 U.S.C. § 12188.

48. Defendant's discriminatory conduct entitles Mr. Lewis to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

### VI. SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

49. Mr. Lewis incorporates by reference the allegations in the paragraphs above.

50. Mr. Lewis is an individual with a disability within the meaning of the Washington Law Against Discrimination.

Complaint for Declaratory and Injunctive Relief - 7
No.: 2:22-cv-884

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

51. Under § 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . "

52. Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

53. Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are still denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

54. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint, Mr. Lewis has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to correctly remediate the Property.

55. Defendant's discriminatory conduct as alleged in this Complaint has denied Mr. Lewis the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

56. Mr. Lewis has a clear legal right to access the business located at Defendant's Property under the Washington Law Against Discrimination.

57. Mr. Lewis has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

Complaint for Declaratory and Injunctive Relief - 8
No.: 2:22-cv-884

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

58. Defendant's property does not comply with ADA accessibility laws and regulations, including the 2010 Standards.

59. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

60. Pursuant to RCW § 49.60.030(2), Mr. Lewis is entitled to declaratory and injunctive relief and to recover from Defendant her reasonable attorneys' fees and costs incurred in bringing this action.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Mr. Lewis respectfully requests that this Court:

1. Assume jurisdiction over this action;

2. Find and declare Defendant PDA, LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's Property does not comply with the ADA's accessibility laws and regulations;

3. Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4. Award Mr. Lewis reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code § 49.60.030(2);

5. Award actual, compensatory, and/or statutory damages to Mr. Lewis for violations of his civil rights as allowed under state and federal law;

6. Award such additional or alternative relief as may be just, proper, and equitable.

Complaint for Declaratory and Injunctive Relief - 9
No.: 2:22-cv-884

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1 DATED THIS 23 day of June, 2022

2 By:
*/s/ Conrad Reynoldson*
3 */s/ Marielle Maxwell*
Conrad Reynoldson, WSBA #48187
4 Marielle Maxwell, WSBA #54957
(206) 428-3558
5 conrad@wacda.com
marielle@wacda.com

6
WASHINGTON CIVIL & DISABILITY ADVOCATE
7 4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
*Attorneys for Plaintiff*

Complaint for Declaratory and Injunctive Relief - 10
No.: 2:22-cv-884

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558